UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| APRIL LUNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:17-cv-919-JD-MGG |
| | ) |
| FRANCISCAN ALLIANCE, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Franciscan Alliance, Inc. ("Defendant"), by counsel, hereby answers the Complaint and Demand for Jury Trial ("Complaint") of Plaintiff April Luna ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1. This suit is brought under the Family Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 et seq.

**ANSWER:** Defendant admits that Plaintiff has filed this action under Family Medical Leave Act of 1993 (FMLA). Defendant denies that Plaintiff is entitled to any relief.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), 26 U.S.C. § 2617(a)(2), and 42 U.S.C. § 12117(a).

**ANSWER:** Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Franciscan Alliance, Inc.'s, ("Franciscan Alliance" or "Franciscan") headquarters is located at 1515 West Dragoon Trail, Mishawaka, Indiana, 46544, in St. Joseph County, in the Northern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** Defendant admits the allegations of Paragraph 3 of the Complaint.

## PARTIES

4. Plaintiff April Luna ("Luna") is a citizen of the United States and the State of Indiana, and at all relevant times has been a resident of Lake County, Indiana.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 4 of the Complaint and, therefore, denies all allegations.

5. At all times relevant to this Complaint, Luna was an "eligible employee" of Franciscan Alliance within the meaning of the FMLA, 29 U.S.C. § 2611(2).

**ANSWER:** Defendant admits that Plaintiff was an "employee" within the meaning of the FMLA while employed by Defendant.

6. Defendant Franciscan Alliance is a limited liability corporation, which conducts business within the territorial jurisdiction of this Court from its facilities located at 1515 Dragoon Trail, Mishawaka, IN 46544.

**ANSWER:** Defendant admits the allegations of Paragraph 6 of the Complaint.

7. Franciscan Alliance employs more than fifty (50) employees and is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

**ANSWER:** Defendant admits the allegations of Paragraph 7 of the Complaint.

**FACTS**

8. April Luna was hired January 23, 2012 as an Application Coordinator Level 3 with the Ambulatory Application Team at St. James Hospital (Well Group) in Chicago Heights, Illinois, operated by the Defendant.

**ANSWER:** Defendant admits the allegations of Paragraph 8 of the Complaint.

9. As part of a reorganization in 2013, Luna was assigned to be a Level 3 Application Business Analyst in the Support Team.

**ANSWER:** Defendant admits the allegations of Paragraph 9 of the Complaint.

10. In that role, she began working at St. Margaret's Hospital in Hammond, Indiana, operated by the Defendant.

**ANSWER:** Defendant admits the allegations of Paragraph 10 of the Complaint.

11. In July 2012, Luna's son was diagnosed with a rare form of epilepsy.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 11 of the Complaint and, therefore, denies all allegations.

12. After Luna became eligible for FMLA, in January 2013, Luna applied for and was certified for intermittent FMLA to care for her son.

**ANSWER:** Defendant admits that Plaintiff was granted intermittent FMLA leave in January 2013.

13. Each subsequent year of her employment, Luna applied for and was certified for FMLA leave to care for her son.

**ANSWER:** Defendant admits the allegations of Paragraph 13 of the Complaint.

14. Luna's supervisor harassed her for using FMLA leave and gave her at least one negative review based on her use of FMLA leave.

**ANSWER:** Defendant denies the allegations of Paragraph 14 of the Complaint.

15. In the last year of her employment, Luna used fewer than fifteen days of FMLA leave, which did not even equal her maximum vacation time, which she was required to take concurrently with FMLA leave.

**ANSWER:** Defendant denies the allegations of Paragraph 15 of the Complaint.

16. On February 17, 2017, Luna applied for a position as Application Business Analyst on her previous Ambulatory Application Team.

**ANSWER:** Defendant admits the allegations of Paragraph 16 of the Complaint.

17. She was denied this position after her supervisor reported to the hiring team that her attendance "needs improvement" because she sometimes had to miss work due to her son's condition.

**ANSWER:** Defendant denies the allegations of Paragraph 17 of the Complaint.

18.     Franciscan's Human Resources representative reported to Luna that the interviewing team had chosen not to interview her for the Ambulatory Application Team Application Business Analyst position because of the attendance rating made by her supervisor.

**ANSWER:**     Defendant denies the allegations of Paragraph 18 of the Complaint.

19.     Franciscan subsequently hired a less experienced candidate for the position.

**ANSWER:**     Defendant denies the allegations of Paragraph 19 of the Complaint.

20.     Denial of the position harmed Luna's career prospects and cost her the opportunity for a raise in pay.

**ANSWER:**     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 20 of the Complaint and, therefore, denies all allegations.

21.     Denial of the position was retaliation for Luna's use of FMLA leave.

**ANSWER:**     Defendant denies the allegations of Paragraph 21 of the Complaint.

## COUNT I - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

22.     All preceding paragraphs are incorporated herein by reference.

**ANSWER:**     Defendant incorporates its responses to the preceding paragraphs of the Complaint, as if fully restated in their entirety.

23.     At all relevant times, Luna cared for a child who suffered from a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611(11).

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 23 of the Complaint and, therefore, denies all allegations.

24. The FMLA prohibits employers from interfering with, restraining or denying the exercise of or the attempt to exercise, any right provided by the FMLA.

**ANSWER:** The FMLA provision cited in Paragraph 24 of the Complaint speaks for itself and, therefore, Defendant denies the allegations of Paragraph 24 of the Complaint to the extent it is inconsistent with the FMLA.

25. Franciscan willfully and intentionally interfered with, restrained, and/ or denied Luna's right to take FMLA leave by denying her a position in retaliation for her use of FMLA leave.

**ANSWER:** Defendant denies the allegations of Paragraph 25 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's Complaint, subject to discovery:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Without conceding that Plaintiff has suffered any damages, she has failed to mitigate or minimize her damages.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, to the extent they were not presented to the appropriate administrative agency in a timely fashion, and to the extent that they did not occur within the timeframes prescribed by law.

4. All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business justifications, without regard to any disability, prior complaints, or any other protected characteristic.

5. Even if the trier of fact were to determine that discriminatory and/or retaliatory motives or reasons played any part in any employment decisions or actions regarding the Plaintiff, which Defendant denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory and non-retaliatory reasons.

6. Plaintiff's claims are barred to the extent that they are not ripe.

7. Plaintiff's claims are barred under the doctrine of estoppel and/or unclean hands.

8. Plaintiff's claims are barred under the doctrine of laches.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff was at all relevant times an at will employee.

11. Defendant acted in good faith at all times, and had reasonable grounds for believing that any act(s) it took did not violate any applicable federal, state, or local laws.

12. Defendant denies any paragraph of Plaintiff's Complaint it did not specifically deny or admit above.

13. Defendant gives notice that it reserves the right to raise any other defenses that may become available or apparent as this case proceeds.

WHEREFORE, Defendant pray that Plaintiff takes nothing by way of the Complaint in this action and that the court enter judgment in favor of Defendant.

Respectfully submitted,


/s/  Tiaundra M. Gordon
Tiaundra M. Gordon, Atty. No. 34032-53
Amy J. Adolay, Atty. No. 23147-49
KRIEG DeVAULT LLP
12800 North Meridian Street, Ste. 300
Carmel, Indiana 46032
P: (317) 566-1110
F: (317) 636-1507

*Attorneys for Defendant, Franciscan Alliance, Inc.*


## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system:

Jeffrey A. Macy
MACY SWANSON LLP
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
jmacey@maceylaw.com


/s/  Tiaundra M. Gordon

KD_9308763_1.docx